### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF MARYLAND

In Re:                                    *

BARRY CYNTELL HOBSON          * CASE NO.:    03-3-2355-PM

    Debtor                         * CHAPTER 13

    *    *    *    *    *    *    *    *    *    *    *

### <u>OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN</u>

Trustmark National Bank, a party in interest, by Michael J. Klima, Jr., its attorney, files its Objection to the Confirmation of the Debtor's Chapter 13 Plan, and for cause, states as follows:

1.    Trustmark National Bank holds an unsecured claim against the Debtor in the approximate amount of $31,469.15.

2.    Trustmark's claim arises from a Complaint filed in the County Court of the First Judicial District of Hinds County, Mississippi.  That Complaint alleged the Debtor embezzled funds from Trustmark and converted those funds to his own use.  The Complaint was reduced to judgment on February 8, 2000.

3.    On March 9, 2004, Trustmark filed a Complaint for Determination of Dischargeability of Debt, docketed as Adversary No. 04-1238 by this Court.  Said Complaint alleged the debt owed by the Debtor to Trustmark was non

dischargeable pursuant to 11 U.S.C. §523(a)(2)(A), 11 U.S.C. §523(a)(4), and 11 U.S.C. §523(a)(6).

4.   On April 29, 2004, the Debtor converted his case from Chapter 7 to one under Chapter 13.  This conversion occurred on the same day as the scheduled pre-trial conference for Trustmark's Complaint for Determination of Dischargeability of Debt.

5.   The Debtor's Chapter 13 Plan, filed on June 21, 2004, provides for payments of $100.00 per month for a term of 36 months.  There are no secured claims which will receive distributions under the proposed Chapter 13 Plan.

6.   Trustmark submits the Debtor will not be able to make all payments under the plan and comply with the plan. 11 U.S.C. §1325(a)(6).  Pursuant to Schedule I, the Debtor has a current net monthly income of $1,739.60.  Pursuant to Schedule J, his monthly expenses are $2,108.00.  There is no disposable income which the Debtor can commit to the funding of his Chapter 13 Plan.  Therefore, the Court may not confirm the Debtor's Chapter 13 Plan as there is no projected disposable income to fund the plan.  11 U.S.C. §1325(b)(1)(B).

7.   Trustmark submits the plan has not been proposed in good faith.  11 U.S.C. §1325(a)(3).  The primary debt

the Debtor seeks to discharge through this Chapter 13 Plan is that of Trustmark.  This debt would otherwise not be dischargeable in a Chapter 7 proceeding.  The proposed Chapter 13 Plan proposes to pay only a small percentage of that debt owed to Trustmark.  It is only after a Complaint to Determine the Dischargeability of the Debtor's debt to Trustmark was filed that his case was converted to one under Chapter 13.  Additionally, there are no secured creditors which will be served by the Chapter 13 Plan.  If he truly intended to repay his debts through a Chapter 13 Plan, then the Debtor would have initially filed his case as one under Chapter 13.  At the June 24, 2004 11 U.S.C. §341 meeting of creditors, the Debtor failed to articulate any reason or justification for the conversion other than the desire to avoid a judgment of non-dischargeability in this Court and in favor of Trustmark. Therefore, using the totality of circumstances test, this Court should deny Confirmation of the Debtor's Chapter 13 Plan.  Neufeld v. Freeman, 794 F.2d 149(4th Cir. 1986).

In conclusion, Trustmark National Bank respectfully submits this Honorable Court should deny Confirmation Of the Debtor's Chapter 13 Plan.

/s/ Michael J. Klima, Jr.
MICHAEL J. KLIMA, JR. #25562
Suite 444
The World Trade Center
401 E. Pratt Street
Baltimore, MD 21202-3091
(410) 837-1140
Attorney for Trustmark
 National Bank
File No.  04-0743

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this __21st__ day of

__July_____, 2004, a copy of the foregoing Objection

to Confirmation of Chapter 13 Plan was mailed, first class,

postage prepaid, to:

Stephanie D. Moran, Esquire
8401 Corporate Drive
Suite 110
Landover, Maryland 20785

Barry Cyntell Hobson
203 Run Brooks Drive
No. 622
Forestville, Maryland 20747

Timothy P. Branigan, Esquire
Chapter 13 Trustee
P. O. Box 1902
Laurel, Maryland 20725-1902

/s/ Michael J. Klima, Jr.
Michael J. Klima, Jr.